## THE STATE vs. CALEB THOMAS.

Public roads: evidence of dedication.

Kent sessions, October term, 1845.    The defendant was indicted for obstructing a public road leading from Robinson's Landing on Taylor's Gut to Carroltown school-house.    The State proved the existence of the road for more than twenty years as a public road, and that the defendant closed it; but opened another road, within a few rods, on better ground than the old one.    The old road passed through private woodland uninclosed; and the defendant's counsel contended that as there was no evidence that this road was ever *laid out as a public road* (though it had been used as such and repaired as such,)

the State was bound to prove an *adverse* possession and occupation by the public for twenty years, or the defendant, who was the owner of the woodland, could not be convicted of a nuisance in changing the road for a better one, both being on his property. Neither was the fact of working on this road by the overseer conclusive that it was a public road. It should be shown by his order that he was authorized to work on the road where it is now obstructed.

*Gilpin*, attorney general, replied, that the doctrine of conflicting claims as to lines, and of adverse or of mixed possession, did not apply to any other than questions of private right with which the public had nothing to do. In regard to the public the question is not who has the possession, but whether the public has the right of way, which may exist without any title to the soil. The question then is, whether by order of court, or by dedication, the public has acquired a right of way over the defendant's land at this place; and the exercise of that right for twenty years without interruption is evidence of such dedication:—

And the *Court*, charged, remarking so that in case of roads not laid out by order of court, though the uninterrupted use of the road for twenty years would give a right of way; yet where several roads traverse a common, or uninclosed land, in the same general direction, but in different places, at the pleasure of the passengers, such a mode of use ought not to be satisfactory evidence of a dedication, to take away from the owner of the land the right to inclose it; unless, in respect to some one of the roads, the enjoyment and use can be shown to have been uniform and uninterrupted for at least twenty years.

The defendant was convicted.